JOHNSON, Chief Judge.
This is a petition for a writ of habeas corpus filed by the defendant Willie E. Simmons in his own proper person. *6 The alleged basis for the writ is that his motion to vacate sentence and judgment was denied, March 20, 1969; that at his trial he had refused to let the public defender’s office represent him and the court had refused to appoint another attorney, outside of the public defender’s office, to represent him at his trial. He was convicted of forgery.
Boiled down, the defendant did not like the way the public defender’s office had ignored his requests for visits to him while in jail. There is no allegation of incompetence nor conflict of interest. He merely wanted another attorney.
We are in full accord with the decisions of the Federal courts to the ultimate effect that the representation by counsel is essential and that such representation must not be a farce; but, we are further of the strong opinion that these defendants, who don’t even deny guilt, but allege only some technical violation of an imagined constitutional right, are not entitled to the right of selection of probably the best and highest paid, experienced criminal trial lawyer. To meet the requirement that indigent defendants have qualified counsel represent them, this State, as has most states, created the office of public defender, and the person or persons filling such office must be legally qualified practicing attorneys. The number of visits or consultations between a member of the public defender’s office and a defendant is not a proper criteria for determining whether proper representation is being afforded. The trial court is fully aware of the obligations of attorneys and when it appears that a public defender or a member of his staff are failing to do their job for an indigent defendant, then it is proper and necessary for the court to appoint other counsel. Such is not the case here. The Petitioner was dissatisfied with the public defender and refused in open court to let the public defender represent him.
The fact that he represented himself rather than permit the public defender to do so, and was convicted, can be charged against the defendant only and not as error of the court or default of the public defender’s office.
Therefore, the Petition for Writ of Habeas Corpus is denied.
WIGGINTON and SPECTOR, JJ., concur.